1

LINK: 8

2

**JS-6**

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,           )   **Case No. CV 08-0503 GAF (JWJx)**
                                         )
12                       Plaintiff,      )
                                         )   **MEMORANDUM AND ORDER**
13                                       )   **REGARDING PLAINTIFF'S MOTION FOR**
                                         )   **DEFAULT JUDGMENT**
14              v.                       )
                                         )
15   4,060 CARTONS OF ADULTERATED        )
     AND MISBRANDED BEVERAGES            )
16   BEARING INFRINGING RED BULL         )
     TRADEMARKS,                         )
17                                       )
                                         )
18                       Defendant.      )
     _____)

19

20

### I.  INTRODUCTION & BACKGROUND

21

        The United States of America (the "Government") brings this civil *in rem*

22

forfeiture action against 4,060 Cartons of Adulterated and Misbranded Beverages

23

Bearing Infringing Red Bull Trademarks ("Defendant cartons") pursuant to 19 U.S.C.

24

§§ 1595a(c)(1)(A), (c)(2)(A), and (c)(2)(C).  In support of its claims, the Government

25

makes the following allegations.

26

        The Government alleges that on or about March 11, 2004, customhouse

27

broker Elite Customs Service attempted to import the Defendant cartons through the

28

1

1    port of Los Angeles.  (Compl. ¶ 8.)  According to the Government, an invoice

2    described the defendant as "citric drink" and named Global Impex Co., Ltd. as the

3    manufacturer.  (Id.)  The Food and Drug Administration ("FDA") targeted the shipment

4    for examination based on experience with past shipments where similar invoice

5    descriptions had proven to be inaccurate, and based on past violative shipments for

6    importers with the same address as the address transmitted to the FDA for this

7    importer.  (Id.)  The FDA requested that the Bureau of Customs and Border Protection

8    ("CBP") seize the Defendant cartons pursuant to import alert 45-02, which states that

9    the "Red Bull Energy Drink" and "Kratingdaeng-L Energy Drink" manufactured by T.C.

10    Pharmaceutical Co., Ltd. in Thailand are subject to automatic detention by the FDA if

11    imported into the U.S.  (Id. ¶ 9.)

12           The Government alleges the Defendant cartons are subject to forfeiture,

13    pursuant to 19 U.S.C. § 1595a(c)(2)(A), because they violate health and safety laws.

14    Specifically, the goods contain a color additive, Ponceau 4R, which is not authorized

15    for use in food products in the U.S.  (Id. ¶ 10.)  The goods contain another color

16    additive, Tartrazine (a/k/a Food Drug and Cosmetic Act ("FD&C") Yellow No. 5), which

17    must be declared on the label in English.  (Id.)  In addition, the manufacturer of the

18    product must provide documented proof that the colorant used in the product was

19    from color batches certified by the FDA.  (Id.)  Because the Defendant cartons did not

20    declare they contained FD&C Yellow No. 5 and the manufacturer also failed to provide

21    proof of FDA approved colorant, the Defendant cartons are considered to be

22    adulterated or misbranded.  (Id.)

23           Furthermore, EZ Food, Inc. made false statements to officials of the United

24    States in an attempt to import the Defendant cartons.  (Id. ¶ 11.)  Specifically, in

25    violation of 19 U.S.C. § 1481(a)(3), EZ Food submitted a document that falsely

26    described the Defendant cartons as "citric drink" instead of the commercial name of

27    "Red Bull." (Id.)  EZ Food also stated falsely that Global Impex Co. was the

28    manufacturer rather than T.C. Pharmaceutical Co.  Accordingly, the Government

1  alleges the defendant cartons were clandestinely imported and are subject to seizure

2  and forfeiture under 19 U.S.C. § 1595a(c)(1)(A).

3       Moreover, the government alleges the words "Red Bull" are a trademark

4  registered with the United States Patent and Trademark Office ("USPTO"), USPTO

5  No. 2,494,093.  (Id. ¶ 12.)  The words "Red Bull" with the image of two charging bulls

6  is also a trademark registered with the USPTO, No. 74,713,796.  (Id.)  GMBH, LLC is

7  the owner of both trademarks.  (Id.)  According to GMBH, T.C. Pharmaceutical Co. is

8  licensed to manufacture Red Bull products for distribution in Southeast Asia only, and

9  is not authorized to market or import products bearing the Red Bull marks in the

10  United States.  (Id.)  Thus, the Government alleges the imported merchandise bears

11  unauthorized or infringing trademarks and therefore is subject to forfeiture pursuant to

12  19 U.S.C. § 1595a(c)(2)(C).

13       The Government filed a verified complaint for forfeiture of the Defendant

14  cartons on January 25, 2008.  Notice of the seizure, the complaint, and the time to file

15  a claim was published in the Los Angeles Daily Journal, a newspaper of general

16  circulation, for three consecutive weeks as required by Supplemental Rule G(4) and

17  Local Rules C.3 and C.4 of the Local Rules for Certain Admiralty and Maritime Claims.

18  (Kortum Decl. ¶ 2c & Ex. B [Proof of Publication].)  The following potential claimants

19  were also served with a copy of the complaint, notice of the seizure, and a claim letter

20  by certified mail: Red Bull GMBH, LLC; T.C. Pharmaceutical Co., Ltd.; EZ Food, Inc.;

21  Elite Customs Service; Global Impex Co., Ltd.; and Qunli Trading, Inc.  (Id. ¶¶ 3-11 &

22  Exs. C-K [Notice Letters].)  No claims or answers were received, and the deadline for

23  filing a statement of interest passed.  (Kortum Decl. ¶¶ 12-13.)  Accordingly, on

24  November 17, 2008, the court clerk, upon request by the Government, entered default

25  against the potential claimants.  (Id. ¶ 16 & Ex. L [Default by Clerk].)  The Government

26  now brings this motion for default judgment.  Finding all submissions in order, the

27  motion is **GRANTED**.

28

## II. DISCUSSION

### A. THE GOVERNMENT HAS SATISFIED THE RULE REQUIREMENTS FOR DEFAULT JUDGMENT

Rule 55(b) of the Federal Rules of Civil Procedure permits a court ordered default judgment following the clerk's entry of default under Rule 55(a). <u>Elektra Entm't Group, Inc. v. Bryant</u>, No. CV 03-6381 GAF, 2004 U.S. Dist. LEXIS 26700, at *3 (C.D. Cal. Feb. 13, 2004) (citing <u>Kloepping v. Fireman's Fund</u>, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996)).  After a default has been entered by the clerk, the well-pleaded factual allegations of the complaint are taken as true for purposes of default judgment proceedings.  <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).

Rule 55 and Rule 55-1 of the Local Rules require that applications for default judgment set forth the following information: (1) when and against which party default was entered; (2) the identification of the pleadings to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether the person is adequately represented; (4) that the Servicemembers' Civil Relief Act, 50 App. U.S.C. § 521, does not apply; and (5) that, if required, notice of the application has been served on the defaulting party.  Fed. R. Civ. P. 55(b)(2); L.R. 55-1.[1]  Here, the Government has submitted testimony and evidence in the form of a declaration that satisfies all of these requirements.  (Kortum Decl. ¶¶ 14-16 & Ex. L [Default by Clerk].)

### B. THE GOVERNMENT HAS SATISFIED THE REQUIREMENTS OF SUPPLEMENTAL RULE G(2)

In addition to the rules governing default judgment, because this is a forfeiture action <i>in rem</i> arising from a federal statute, the Government must comply with Supplemental Rule for Certain Admiralty and Maritime Claims ("Supplemental Rule")

---

[1]  Rule 55(b)(2) and Local Rule 55-1(e) provide that notice is required to be given to a party against whom judgment by default is sought if that party has appeared in the action.  Here, no potential claimants of the Defendant cartons have appeared. Nevertheless, although not required, the Government provided notice to the potential claimants.  (Kortum Decl. ¶ 17.)

1   G.  United States v. Real Property at 2659 Roundhill Drive, 283 F.3d 1146, 1149 n.2

2   (9th Cir. 2002).  Supplemental Rule G(2) requires that an *in rem* complaint: (1) be

3   verified; (2) state the grounds for subject-matter jurisdiction, *in rem* jurisdiction over

4   the defendant property, and venue; (3) describe the property with reasonable

5   particularity; (4) if the property is tangible, state its location when any seizure occurred

6   and – if different – its location when the action is filed; (5) identify the statute under

7   which the forfeiture action is brought; and (6) state sufficiently detailed facts to support

8   a reasonable belief that the government will be able to meet its burden of proof at trial.

9

10      Here, the Government has complied with each requirement.  The

11  Government's Complaint: (1) is verified (Verified Compl. at 6); (2) states the Court has

12  jurisdiction pursuant to 19 U.S.C. § 1595a(c) and 28 U.S.C. §§ 1345, 1355 and that

13  venue lies in this district pursuant to 28 U.S.C. § 1395(b) (id. ¶¶ 1-3); (3) describes

14  with particularity the seized property as 4,060 Cartons of Adulterated and Misbranded

15  Beverages Bearing Infringing Red Bull Trademarks, 2,750 of which contained cans

16  and 1,310 of which contained bottles (id. ¶ 5); and (4) states that the Defendant

17  cartons were seized in the Port of Los Angeles and will remain in the custody of the

18  CBP during the pendency of the action (id. ¶¶ 8-9); (5) states the Government seized

19  the property pursuant to 19 U.S.C. §§ 1595a(c)(1)(A), (c)(2)(A), and (c)(2)(C), each of

20  which provide that forfeiture would be appropriate.

21      With respect to the last requirement, the Government provided sufficiently

22  detailed facts to support its claims as explained below.

23      First, 19 U.S.C. § 1595a(c)(1)(A) states that "[m]erchandise which is

24  introduced or attempted to be introduced into the United States contrary to law . . .

25  shall be seized and forfeited if it is stolen, smuggled, or clandestinely imported or

26  introduced."  Here, EZ Food made false statements to officials of the United States in

27  an attempt to import the Defendant cartons.  (Ver. Comp. ¶ 11.)  Specifically, EZ Food

28  submitted a document that falsely described the Defendant cartons as "citric drink"

5

1   instead of the commercial name of "Red Bull."  (Id.)  EZ Food also stated falsely that

2   Global Impex Co. was the manufacturer, rather than T.C. Pharmaceutical Co.

3         Next, 19 U.S.C. § 1595a(c)(2)(A) states that "[m]erchandise which is

4   introduced or attempted to be introduced into the United States contrary to law . . .

5   may be seized and forfeited if its importation or entry is subject to any restriction or

6   prohibition which is imposed by law relating to health, safety, or conservation and the

7   merchandise is not in compliance with the applicable rule, regulation, or statute."  The

8   Defendant cartons violate health and safety laws because they contain non-permitted

9   color additives and lack requisite labeling and are thus considered to be adulterated or

10  misbranded.  (Id. ¶ 10.)

11        Finally, 19 U.S.C. § 1595a(c)(2)(C) states that "[m]erchandise which is

12  introduced or attempted to be introduced into the United States contrary to law . . .

13  may be seized and forfeited if it is merchandise or packaging in which copyright,

14  trademark, or trade name protection violations are involved."  Here, the Defendant

15  cartons infringe on the Red Bull trademarks owned by GMBH because T.C.

16  Pharmaceutical Co. is not authorized to market or import products bearing such marks

17  in the United States.

18        Accordingly, the Government has provided sufficient facts to believe it will

19  meet its burden of proof at trial regarding seizure and forfeiture pursuant to 19 U.S.C.

20  §§ 1595a(c)(1)(A), (c)(2)(A), and (c)(2)(C).

21  **C.  THE GOVERNMENT HAS COMPLIED WITH DUE PROCESS**

22        The final requirement for a civil *in rem* forfeiture default judgment to be

23  effective is a showing that the Government has complied with due process by

24  satisfying all notice requirements.  "When the government can reasonably ascertain

25  the name and address of an interested party, due process requires that the

26  government send notice by mail or other means as certain to ensure actual notice.

27  Due process does not require, however, that the interested party actually receive

28  notice."  United States v. Real Property, 135 F.3d 1312, 1315 (9th Cir. 1998)

6

1  (citations, quotations, and alterations omitted).

2        Here, the Government placed notice of the seizure of the Defendant cartons,

3  along with the time to file a claim and answer, in the <u>Los Angeles Daily Journal</u> for

4  three consecutive weeks, on February 13, 20, and 27, 2008, as required by

5  Supplemental Rule G(4) and Local Rules C.3 and C.4(a)(1) of the Local Rules for

6  Certain Admiralty and Maritime Claims.  (Kortum Decl. ¶ 2c & Ex. B [Proof of

7  Publication].)  The Government also served each potential claimant with a notice letter

8  by certified mail.  The Government served one of the potential claimants, EZ Food,  at

9  three different addresses (<u>id.</u> ¶¶ 6-8, Exs. F-H), and another, T.C. Pharmaceutical Co.,

10  at two different addresses in Thailand (<u>id.</u> ¶¶ 4-5, Exs. D-E).   Return receipts were

11  received following issuance of these certified mailings.  (<u>Id.</u>)  As such, the Government

12  has complied with due process by satisfying all applicable notice requirements.

13  **III.  CONCLUSION**

14        In sum, having met the requirements of Rule 55(b), Local Rule 55-1,

15  Supplemental Rules G(2), G(4), and Rules C.3 and C.4(a)(1) of the Rules for

16  Admiralty and Maritime Claims, and having complied with due process, the

17  Government's motion for default judgment is **GRANTED**.

18

19        IT IS SO ORDERED.

20

21  DATED: February 26, 2009

22                                   _____

23                                   Judge Gary Allen Feess

                                 United States District Court

24

25

26

27

28